[No. 17960.  Department Two.  January 23, 1924.]

ALBERT MALLON et al., *Respondents*, v. GERALD J.
MORRISON et al., *Appellants.*[1]

LANDLORD AND TENANT (115)—ACTION FOR RENT—DEFENSES—CAN-
CELLATION OF DEBT—EVIDENCE—SUFFICIENCY.  In an action for rent,
findings that there had been no cancellation of the debt will not be
disturbed on appeal, although the greater number of witnesses
testified to the contrary, where such witnesses were not entirely
consistent and did not clearly understand English in the conversa-
tions in question.

Appeal from a judgment of the superior court for
Yakima county, Nichoson, J., entered April 5, 1922,
upon findings in favor of the plaintiffs, in an action for
rent, tried to the court.  Affirmed.

*Lee C. Delle,* for appellants.

*Henry H. Wende,* for respondents.

MITCHELL, J.—Albert Mallon and wife, as owners,
leased to the defendants a small hop ranch for a term
of three years commencing March 1, 1919, for an an-
nual cash rental, payable on November 1 each year of
the term.  Upon failure of the tenants to pay the second
year's rental of $1,000, this action was instituted to
recover it.  The defense was that the debt and the con-
tract had been canceled by agreement in consideration
of the waiver by the defendants of a claim of damages
to their hop crop that year caused by the plaintiffs in
depriving them of the use of water during the irriga-
tion season.  The trial of the case without a jury was
in favor of the plaintiffs, from which the appeal has
been taken.

The questions presented are questions of fact.  The
appellants Gerald J. and J. H. Morrison testified to the

[1] Reported in 222 Pac. 217.

agreement of cancellation, while Albert Mallon testi-
fied to the contrary, although it appears that there was
some talk of his willingness to take the place back the
last year of the term. Appellants claim that they were
corroborated by a disinterested witness at each of two
conferences between the parties on the subject. There
were several conversations between them only after
the due date of the rent, during all of which, without
question, Mallon demanded his rent money. That was
the way he always approached them. The appellants,
upon taking charge of the hop yard, entered into a
contract with a third party, the contract being placed
of record, agreeing to sell the three years' crops, refer-
ence to which in the conference between the parties to
this suit, in the presence of the disinterested witness,
over the second year's rent may, in part at least, ac-
count for the claim of the appellants that they were
corroborated by the testimony of disinterested parties.
But all the details and facts need not be set out. Upon
an examination of the evidence, we find that it supports
the views of the trial court, expressed orally at the
trial, to the effect that, while the crop was a poor one,
largely for the want of sufficient irrigation, the short-
age of water was attributable not to a diversion by the
respondents of the water from the hop yard one or two
nights for use on their own crops, but because the sea-
son was an unusually dry one and there was a general
shortage of water for irrigation purposes. The testi-
mony on this subject was allowed and taken into con-
sideration as bearing on the good faith of the appel-
lants in their contention that they had preferred a
claim for damages respectable enough to present a
waiver of it as consideration for a whole year's rent.
The trial judge was convinced against the *bona fides*
of the claim and expressed the opinion that Mr. Mal-
lon's mind had never met with theirs if they, the appel-

lants, had proposed a plan by which respondents should in effect make them a present of the whole year's rent.

However, upon the main question of whether there was an agreement to offset a claim of damages against the year's rent, there were some material features in the testimony on behalf of the appellants decidedly inconsistent with that theory, while the testimony on behalf of the respondents was consistently emphatic that there was no such agreement. True, that so far as the matter of the number of witnesses goes the case is with the appellants, but against that must be considered all the facts and circumstances surrounding the parties as testified to at the trial, together with their manner in testifying and the whole of their testimony, and for our determination of the preponderance of the evidence we must and do accord considerable effect to the opinion of the trial judge, who heard and saw the witnesses as they testified. Of signal importance in this case it was further remarked by the trial judge in passing upon the evidence, that the respondent "speaks English very poorly and does not clearly understand the fine distinctions that are drawn in ordinary conversations."

Upon the whole record, we conclude that the findings and judgment are supported by the preponderance of the evidence.

Affirmed.

MAIN, C. J., FULLERTON, BRIDGES, and PEMBERTON, JJ., concur.